UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| 252 WOLFROCK REALTY REDEMPTION COMPANY; JOHN AINSWORTH AND LAUREN DALEY-AINSWORTH A/K/A LAUREN DALEY,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2005-5,<br><br>    Defendant | CIVIL ACTION NO. 1:16-cv-00126 |

**MEMORANDUM OF LAW IN SUPPORT WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2005-5'S MOTION TO DISMISS**

**I. INTRODUCTION**

  Plaintiffs' suit against Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2005-5, Asset-Backed Certificates, Series 2005-5 incorrectly captioned as Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2005-5 ("Wells Fargo as Trustee"), suffers from foundational defects and requires immediate dismissal. As a threshold matter, 252 Wolfrock Realty Redemption Company ("Wolfrock") lacks standing to sue Wells Fargo as Trustee because Wolfrock has no right or authority to enforce a mortgage agreement to which it is neither party nor third-party beneficiary, and the complaint fails to allege any concrete, particularized injury to Wolfrock entitling it to relief. Second, John Ainsworth and Lauren Daly-Ainsworth (collectively "Borrowers") rely on the Massachusetts power of sale statute and Massachusetts decisions as the basis for invalidating the foreclosure, despite significant and dispositive differences with Rhode Island law, and differing requirements in the mortgage regarding initiation of the statutory power of sale. Finally, Borrowers have no legal

basis to challenge foreclosure because they previously refrained from objecting to Wells Fargo's foreclosure in surrender of the property to obtain a Chapter 7 discharge of all debts in bankruptcy.

In further support of its Motion to Dismiss, Wells Fargo as Trustee submits the following:

## II. STATEMENT OF ALLEGATIONS[1]

Borrowers acquired property located at 252 Wolfrock Road, Exeter, Rhode Island (the "Property") in August of 2003. (Complaint, Doc. No. 1-2, ¶ 9.) Two years later, Borrowers obtained a $312,250 loan from Option One Mortgage Corporation ("Option One"), for which repayment was secured by a mortgage on the Property (the "Mortgage"). (*Id.* at ¶ 1; Mortgage, *Exhibit A*.) Option One, now known as Sand Canyon Corporation, subsequently assigned Borrowers' mortgage to Wells Fargo as Trustee on February 18, 2011. (*Id.* at ¶ 11; Assignment of Mortgage, *Exhibit B*.)

On October 8, 2015, Wells Fargo as Trustee foreclosed on the Property. (Complaint, Doc. No. 1-2, ¶ 14; Foreclosure Deed, *Exhibit D*.) Prior to foreclosure, Wells Fargo as Trustee's counsel, Korde & Associates, P.C. ("Korde"), sent Borrowers a Notice of Mortgagee's Foreclosure Sale, which indicated that the Property would be sold on October 8, 2015. (*Id.* at ¶ 13; Notices of Sale, *Exhibit E*) Borrowers allege that Ocwen Loan Servicing, LLC ("Ocwen") issued the notice of sale through Korde and published a notice in an area newspaper. (Complaint, Doc. No. 1-2, ¶ 13.) Following the October 8, 2015 foreclosure and sale of the

---

[1] Although Wells Fargo as Trustee accepts the factual allegations of the Complaint as true and viewed in a light most favorable to the plaintiffs, Wells Fargo as Trustee reserves the right to and denies Borrowers' allegations, challenge to foreclosure and attempt to convey any interest in the Property to Wolfrock.

2

Property to Wells Fargo as Trustee, Borrowers purported to convey their title interest in the Property to Wolfrock. (*Id.* at ¶ 16.)

Both Wolfrock and the Borrowers have sued Wells Fargo as Trustee for breach of the mortgage contract based upon allegations that Wells Fargo violated Paragraph 21 of the Mortgage by failing to provide Borrowers notice of sale prior to acceleration. (Complaint, Doc. No. 1-2, ¶¶ 17-24.) They also collectively filed an action to quiet title in their favor based upon the same alleged notice violation. (*Id.* at ¶¶ 25-34.) Borrowers' theory of recovery in this case arises solely from the alleged defective notices of sale, which Borrowers claim rendered Wells Fargo as Trustee's October 8, 2015 foreclosure void. (*Id.* at ¶¶ 23, 31-32.)

### III. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This Court need not accept all allegations in the complaint as true so that threadbare recitals of a cause of action's elements supported by conclusory statements do not suffice. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *see also Clark v. Mortg. Elec. Regis. Sys., Inc.*, 7 F.Supp.3d 169, 174 (D.R.I. 2014). Moreover, when deciding a motion to dismiss, the Court is not limited to the four corners of the complaint and, instead, may also consider documents that are incorporated by reference in the complaint and matters susceptible to judicial notice. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998); *Jorge v. Rumsfeld*, 404 F.3d 556, 559 (1st Cir. 2005).

34612222v1 0983295

## IV. LEGAL ARGUMENT

A. <u>Wolfrock Lacks Standing to Sue.</u>

Wells Fargo as Trustee requests dismissal of Wolfrock from this case because Wolfrock lacks standing to challenge Wells Fargo's compliance with the Borrowers' Mortgage and foreclosure on the Property. First, Wolfrock has failed to establish a personal stake in the outcome of this litigation, because the allegations of the Complaint do not demonstrate that Wells Fargo as Trustee caused Wolfrock any injury. Second, the allegations in the Complaint demonstrate that Wolfrock is neither a party to nor third-party beneficiary of the Mortgage, and as a result Wolfrock has no grounds to claim breach of the mortgage agreement or to quiet title in its favor as a result of the alleged breach.

1. Wolfrock has Failed to Establish an Actual Justiciable Controversy.

This Court's jurisdiction is limited to hearing and deciding matters that present an actual case or controversy. *Osediacz v. City of Cranston*, 414 F.3d 136, 139 (1st Cir. 2005); *Cosajay v. Mort. Elec. Regis. Sys., Inc.*, 980 F.Supp.2d 238, 241 (D.R.I. 2013). To ensure the existence of a justiciable controversy, standing requires a litigant to demonstrate an injury in fact, which is actual, imminent and not conjectural or hypothetical, and a causal connection between the injury and the alleged conduct. *Clark v. Mortg. Elec. Regis. Sys., Inc.*, 7 F.Supp.3d at 175. The principles of standing focus on the particular claimant, as opposed to the claim, and question whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue, not whether the issue itself is justiciable. *Flast v. Cohen*, 392 U.S. 83, 99-100, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

Courts in other jurisdictions have dismissed third-party challenges to a lender's foreclosure action for lack of constitutional standing because these third-parties lack a

4

particularized interest. For In *Russell v. Financial Capital Equities*, 158 Fed.Appx. 953 (10th Cir. 2005), the business partner of a borrower attempted to join in a complaint that borrower filed against his lender for violations of the Truth in Lending Act, the Fair Debt Collection Practices Act and Equal Credit Opportunity Act, among other statutes, after the borrower defaulted on the mortgage loan and the lender initiated foreclosure. The district court dismissed the business partner's claims for lack of constitutional standing, and the Tenth Circuit affirmed on appeal because the business partner, despite alleging an interest in the property, did not have any interest or involvement in the borrower's acquisition of the debt that formed the basis of the action. *Id.* at 956. Moreover, the business partner obtained ownership interest after the loans were issued to the borrower. *Id.* In *Frempong v. National City Bank of Indiana*, 452 Fed.Appx. 167 (3rd Cir. 2011), a mortgagor's spouse filed a civil rights action against the spouse's lender following foreclosure and sale of the spouse's property. The district court dismissed the spouse's claim for lack of standing because the spouse was never a party to the mortgage, was not a co-signer of the note, and did not possess any record title interest in the property. *Id.* at 171. Even though the spouse resided at the property and claimed a marital interest so that he was indirectly affected when his wife failed to meet the mortgage loan obligations, the Third Circuit determined that the spouse had not established a legally protected interest in the property sufficient to challenge foreclosure. *Id.* at 171-72.

In this case, there are no allegations to demonstrate that Wolfrock had a personal stake in the outcome of the Borrowers' challenge to Wells Fargo as Trustee's foreclosure. On review of the Complaint, there is no dispute that Wolfrock was not party to, or beneficiary of the Mortgage, or that Wolfrock was in any way impacted by Wells Fargo as Trustee's October 8, 2015 foreclosure. The facts alleged demonstrate that Wolfrock was not involved with the

34612222v1 0983295

Property until after the foreclosure when Borrowers purported to convey title on January 8, 2016. (Complaint, Doc. No. 1-2, ¶ 16.) As a result, there are no factual allegations through which Wolfrock may claim injury as a result of the alleged breach of contract from loss of property interest, court costs, and attorney's fees in defense of foreclosure and eviction. (*Id.* at ¶ 24.)

Likewise, because Wolfrock was not involved in or affected by Wells Fargo as Trustee's foreclosure, there are no factual allegations to support Wolfrock's claim of damages and threatened loss of property in the quiet title cause of action. (Complaint, Doc. No. 1-2, ¶ 33.) Instead, the allegations of the Complaint demonstrate that Wolfrock only obtained an interest in the Property by transfer of title after Wells Fargo as Trustee's foreclosure. Without any factual allegations to demonstrate an actual injury that Wells Fargo caused or that resulted from the foreclosure, Wolfrock has not demonstrated a stake in the outcome of this matter, and this Court should dismiss Wolfrock from this action for lack of standing.

2. Wolfrock has no Standing to Challenge the Validity of Foreclosure under the Borrowers' Mortgage.

Even if this Court were to conclude that Wolfrock has alleged facts sufficient to establish a personal stake in the outcome of the litigation, Wolfrock's complaint fails as a matter of law because Wolfrock cannot assert or seek to enforce the Borrowers' rights in the Mortgage. This Court has reviewed the prudential limitations imposed upon standing to sue and within the context of a contested foreclosure action at length. *Clark v. Mortg. Elec. Regis. Sys., Inc.*, 7 F.Supp.3d at 175 (D.R.I. 2014); *Era v. Morton Cmty. Bank*, 8 F.Supp.3d 66, 70 (D.R.I. 2014); *Lister v. Bank of America, N.A.*, 8 F.Supp.3d 74, 80 (D.R.I. 2014); *Caito v. Mortg. Elec. Regis. Sys.*, (D.R.I. Jul. 21, 2015). In doing so, this Court has recognized that beyond establishing the constitutional minimum requiring a personal stake in the outcome of a dispute, a litigant must also "generally show 'that his claim is premised on his own legal rights (as opposed to those of a

34612222v1 0983295

third party)....'" *Clark*, 7 F.Supp.3d at 175 (quoting *Pagan v. Calderon*, 448 F.3d 16, 17 (1st Cir. 2006).

This Court, the Rhode Island Supreme Court, and the First Circuit Court of Appeals have all addressed a borrower's standing to enjoin their mortgagee's statutory power of sale foreclosure. *See*, *e.g.*, *Wilson v. HSBC Mortg. Servs., Inc.*, 744 F.3d 1, 9-10 (1st Cir. 2014); *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 291 (1st Cir. 2013); *Era*, 8 F.Supp.3d at 70; *Genao v. Litton Loan Servicing, L.P., et al.*, 108 A.3d 1017, 1021-22 (R.I. 2015); *Mruk*, 82 A.3d at 535. Collectively, these courts have acknowledged that third parties do not have standing to challenge a contract as a general rule, but have recognized a limited exception allowing a mortgagor to challenge an invalid, ineffective or void assignment of mortgage. *Culhane*, 708 F.3d at 291. Moreover, the Rhode Island Supreme Court has further interpreted the *Culhane* line of decisions to limit this exception to the standing rule to cases where a *homeowner* presents a void challenge to the assignment, while denying standing to sue to a mortgagor who was not challenging foreclosure of a personal residence or the assignment as a private residential homeowner. *Genao*, 108 A.3d at 1022 (emphasis added).

Wolfrock was not a party to the Mortgage and lacks standing to assert rights provided by the Mortgage or to seek to enforce the Mortgage. There is no dispute that Borrowers entered into a mortgage contract with Option One, now known as Sand Canyon Corporation. (Complaint, Doc. No. 1-2, ¶ 10.) Review of the allegations in the Complaint demonstrates that Wolfrock was neither party to nor beneficiary of the Mortgage. Moreover, there is no dispute that Option One assigned its interest in the Mortgage to Wells Fargo as Trustee, and that following assignment Wells Fargo initiated and completed foreclosure under the power of sale contained within the Mortgage. (*Id.* at ¶¶ 10, 11; 14.) Borrowers claim that Wells Fargo as Trustee did not comply

with Paragraph 21 of the mortgage, and that this non-compliance breached the Mortgage and invalidated the foreclosure. (*Id.* at ¶¶ 15, 30.) Because the errors Borrowers allege and the relief Borrowers seek all stem from and rely upon the terms and conditions of the Mortgage, and because Wolfrock, without question, is neither party to nor a third-party beneficiary of the Mortgage, Wolfrock lacks standing to assert a breach of the Mortgage agreement in this action.

Wolfrock's lack of standing extends to the quiet title claim because the dispute over title results from allegations of error in Wells Fargo as Trustee's foreclosure. Borrowers seek to quiet title in favor of Wolfrock through allegations that Wells Fargo as Trustee failed to give notice of foreclosure in violation of the Mortgage. (Complaint, Doc. No. 1-2, ¶¶ 30-31.) Wolfrock lacks standing to maintain this quiet title action because Wolfrock is not a party to the Mortgage it seeks to enforce in order to void Wells Fargo as Trustee's foreclosure and demonstrate its right to title. Regardless of whether Wolfrock claims breach of contract or seeks to quiet title, Wolfrock does not have any right or authority to challenge or seek to enforce the terms of the Mortgage and, as a result, lacks standing to maintain this action. For this reason, this Court should dismiss Wolfrock from this action.

B.     Borrowers have not Alleged Facts or a Claim Sufficient to Void the Foreclosure.

Borrowers rely exclusively upon Massachusetts law, and specifically the Massachusetts statutory power of sale, to challenge the notice of sale Wells Fargo as Trustee issued prior to foreclosure under Rhode Island's power of sale statute. However, Borrowers present no basis to equate the Rhode Island and Massachusetts power of sale statutes, cannot reconcile the different requirements set forth in each statute, or the differing interpretations courts apply to these statutes. Borrowers further fail to present any basis to extend Massachusetts' default notice requirements to notice of sale requirements in their Mortgage and under Rhode Island law. Unlike Massachusetts, Rhode Island's power of sale statute, by express terms, does not demand

8

compliance, much less strict compliance, with the mortgage agreement. Rhode Island law does not provide the same or similar provisions enacted or applied under the Massachusetts power of sale statute. Finally, Borrowers allege no factual or legal basis to extend a recent Massachusetts federal court judge's interpretation of the Massachusetts' power of sale statute to this action.

1. The Difference between Massachusetts and Rhode Island's Power of Sale Statutes Demand Dismissal of this Action.

Borrowers cannot void foreclosure in reliance upon the Massachusetts power of sale statute because of critical differences with Rhode Island's power of sale statute. Massachusetts law expressly demands that a mortgagee first comply with the terms of the mortgage and with foreclosure statues before exercising the power sale contained in a mortgage. M.G.L. ch. 183, §21. Because the Massachusetts legislature included specific language demanding compliance with the terms of a mortgage in the power of sale statute, courts applying Massachusetts law require strict compliance with a mortgage's power of sale provision. *See Pinti v. Emigrant Mortgage Company, Inc.,* 472 Mass. 226, 33 N.E.2d 1213, 1226 (2015); *U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637, 647, 941 N.E.2d 40 (2011); *see also Paiva v. Bank of New York Mellon*, 120 F.Supp.3d 7 (D. Ma. 2015). Recently, while applying Massachusetts law, one federal court judge invalidated a foreclosure because the mortgage agreement required the lender to issue borrower a notice of default, but the mortgage loan servicer actually issued that notice. *Paiva*, 120 F.Supp.3d at 10.

Unlike the Massachusetts power of sale statute, Rhode Island's statutory power of sale foreclosure does not expressly require compliance with the mortgage's power of sale provision. R.I. Gen. Laws § 34-11-22 (1956). Instead, to sell a property at foreclosure auction, Rhode Island's power of sale statute requires the mortgagee, its executors, administrators, successors and assigns to send written notice of the time and place of the foreclosure sale by certified mail,

9

return receipt requested, to the mortgagor and to publish that notice for three successive weeks in the newspaper. *Id.* Moreover, our Rhode Island Supreme Court has rejected borrowers' claims that only a lender may invoke the power of sale. *Breggia v. Mortg. Elec. Regis. Sys., Inc.*, 102 A.3d 696, 641 (R.I. 2015); *Ingram v. Mortg. Elec. Regis. Sys., Inc.*, 94 A.3d 523, 529 (R.I. 2014). In *Ingram*, 94 A.3d at 529, Justice Goldberg, writing for the court, concluded that the borrowers misconceived Rhode Island law to claim that only the original lender, or a lender holding both the note and mortgage, may invoke the power of sale, while affirming the validity of a foreclosure where the mortgagee's servicer, acting under power of attorney, mailed notice of sale and advertised the foreclosure. In *Breggia*, 102 A.3d at 641, Justice Indeglia opined that the Rhode Island Supreme Court has "clearly rejected" borrowers' argument that only the lender may notice and advertise foreclosure in the *Mruk*, 82 A.3d at 537-58, and *Bucci*, 68 A.3d at 1085-89, decisions.

In this case, Borrowers allege that Wells Fargo as Trustee's local counsel, Korde, mailed written notice of sale to Borrowers. (Complaint, Doc. 1-2, ¶ 13; Notices of Sale Ex. E.) Borrowers have not alleged any facts to demonstrate that Korde lacked authority to act on behalf of Wells Fargo as Trustee while providing written notice of sale. There is no dispute that Korde sent the Notices of Sale to Borrowers, identified the Mortgage by origination date and origination lender, and informed Borrowers that the notice was issued on behalf of the holder of the mortgage. (Notices of Sale, Ex. E.) Applying Rhode Island law to the manner in which Wells Fargo as Trustee issued the Notices of Sale to Borrowers demonstrates a valid and enforceable foreclosure.

Borrowers' complaint, much like the borrowers in *Breggia* and *Ingram*, relies exclusively upon an allegation that only the lender may issue the notice of sale. Admittedly, Borrowers'

Mortgage provides that the lender issues the notice of sale in order to foreclose under power of sale. (Mortgage, Ex. A at p. 5.) The Mortgage, however, also provides that the covenants and agreements of the Mortgage bind and benefit all successors and assigns. (*Id.* at p. 4.) Moreover, Rhode Island's power of sale statute permits the mortgagee, its executors, administrators, successors and assigns to mail written notice of sale to mortgagors in order to initiate foreclosure under the statutory power of sale. R.I. Gen. Laws § 34-11-22. Our Rhode Island Supreme Court has applied Rhode Island law to conclude that a lender need not personally issue a notice of sale to complete a valid foreclosure because a mortgage loan servicer can satisfy this requirement. *Breggia,* 102 A.3d at 641; *Ingram*, 94 A.3d at 529. Borrowers' challenge to foreclosure fails as a matter of law because the Massachusetts power of sale statute, and its application by Massachusetts courts, is readily distinguishable from the Rhode Island power of sale statute and its application by Rhode Island courts. Under Rhode Island law, Borrowers have failed to allege facts sufficient to challenge the notice of foreclosure sale and the Court should dismiss this complaint.

> 2. Applying the Factual Allegations and Documents Incorporated by Reference to the *Paiva* Decision upon which Plaintiffs Rely Demonstrates the Absence of A Valid Challenge to Foreclosure.

A further critical distinction between the *Paiva* decision and the instant action is that the borrower in *Paiva* claimed an invalid foreclosure because his lender did not issue the notice of default and right to cure in violation of Paragraph 22 of the mortgage while this action focuses on the notice of sale. The *Paiva* mortgage, 14-cv-14531, Doc. No. 19-1, provided the following acceleration covenant within Paragraph 22:

> Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the

11

> date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property….

The Massachusetts federal court judge, reviewing whether Bank of New York Mellon ("BONYM") strictly complied with terms and conditions of the mortgage, determined that the mortgage required BONYM to send the notice of default to the borrower. *Paiva*, 120 F.Supp.3d at 9-10. Because the evidence and undisputed facts demonstrated that BONYM's servicer, Countrywide, sent the notice of default (which on review does not refer to BONYM) to the borrower, the court concluded that the foreclosure was void for non-compliance with the mortgage. *Id.* at 10. The court found that its decision was consistent with the Massachusetts Supreme Judicial Court's decision in *Pinti v. Emigrant Mortg. Co.*, 472 Mass. 226, 33 N.E.2d 1213, 1226 (2015), through which the SJC demanded strict compliance with the notice of default required by paragraph 22 of a mortgage. *Id.*

While the Massachusetts federal court judge in *Paiva* focused on the a mortgage's requirement that the lender issue the notice of default prior to foreclosure, the Mortgage in this case does not include the same or similar acceleration covenant in the power of sale provision. Instead, the Mortgage provides:

> Acceleration; Remedies. If any installment under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other mortgage or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance.

(Mortgage, Ex. A at p. 5.) No provision within the Mortgage's statutory power of sale required Wells Fargo to send Borrowers a notice of default and right to cure, nor have Borrowers alleged any facts to support a claim they did not receive this notice from Wells Fargo. Moreover, Wells

Fargo sent a pre-foreclosure notice of default to Borrowers on or about June 18, 2013, through its local counsel, Ablitt Scofield. (Notice of Default, *Exhibit C*.) The notice identified the lender, informed Borrowers of their default, acceleration and intent to foreclose. (*Id.*) As a result, any concerns or criticism of a servicer issuing a notice of default without reference to the lender, and the purpose of that notice to inform a borrower to whom the money is owed so that the debt can be paid in avoidance of foreclosure, are not present here. Even if this Court were to apply the reasoning and analysis of the *Paiva* decision to this case and to Wells Fargo as Trustee's foreclosure, Borrowers have not alleged that their lender failed to issue a notice of default and right to cure, and there is no doubt Wells Fargo issued that notice.

Borrowers appear to argue that *Paiva* should not only apply under Rhode Island law but should also extend beyond the notice of default to the notice of sale. The first barrier to applying *Paiva*, as discussed above, is that Rhode Island's power of sale statute expressly permits the mortgagee to issue the notice of sale, and Rhode Island courts interpreting the power of sale have allowed agents for the lender to initiate foreclosure. Second, *Paiva* has been the subject of immediate criticism in subsequent decisions and orders applying Massachusetts law. *See Anderson v. Nationstar Mortgage, LLC, et al.*, ---F.Supp.3d---, 2016 WL 1181661 (D. Ma. Mar. 25, 2016); *Campbell v. Federal Nat.l Mortg. Ass'n*, No. 12 MISC 469212, 2015 WL 5869510 (Mass.Land.Ct. Oct. 6, 2015) (Sands, J.). In *Anderson v. Nationstar*, 2016 WL 1181661 at *3, the borrower claimed an invalid foreclosure based upon undisputed allegations that his lender, Capital One, N.A., did not issue a notice of default and foreclosure; instead Capital One's servicer, Nationstar Mortgage, LLC, issued the notices. The Massachusetts federal court in *Anderson* cited a series of decisions concluding that Paragraph 22 of a mortgage did not require the lender to personally send the default notice and that a servicer's issuance of the notice did not

13

invalidate a foreclosure sale. *Id.* The court rejected Anderson's claim because the mortgage provided Mortgage Electronic Registration Systems, Inc. ("MERS") the full power of sale, and there was no dispute that Nationstar, successor to MERS by assignment, was entitled to take all actions incident to the mortgage agreement and through the power of sale. *Id.* at *4.

At this time, Massachusetts law is unsettled in relation to whether a lender, or a lender's agent, may issue notice of default and right to cure, with none of the decisions issued binding law. Notwithstanding the inconsistency of decisions interpreting and applying the Massachusetts power of sale statute as it relates to a mortgage and Paragraph 22, these decisions do not dictate Rhode Island law. Moreover, these decisions address who must issue the notice of default and provide no guidance whatsoever to the issue of whether a lender's agent can send the notice of sale to a borrower prior to foreclosure under Rhode Island law. In this case, there is no dispute that Wells Fargo as Trustee, as lender and mortgagee, sent Borrowers notice of default and right to cure, and there is no dispute that Wells Fargo's agent, Korde, sent Borrowers notice of sale prior to foreclosure. As a result, there is no basis in fact or at law for Borrowers to challenge foreclosure through the application of the *Paiva* decision, and Wells Fargo as Trustee is entitled to dismissal of this action.

C. Borrowers are Judicially Estopped from Challenging Foreclosure.

The doctrine of judicial estoppel further prohibits Borrowers from filing suit against Wells Fargo as Trustee to void foreclosure and maintain possession of the Property. This doctrine "prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." *InterGen N.V. v. Grina*, 344 F.3d 134, 144 (1st Cir. 2003). Courts have concluded that Borrowers who surrender property as part of a bankruptcy petition are judicially estopped from challenging their lenders' foreclosure in a subsequent action. *Hull v. Wells Fargo Bank, N.A. et*

*al.*, No. 6:15-cv-01990-AA, 2016 WL 1271675, at *4 (D. Or. Mar. 28, 2016): *Rivera v. Recontrust Co. et al.*, No. 2:11-cv-01695-KJD, 2012 WL 2190710, at *2 (D. Nev. June 14, 2012).

Prior to filing this action, Borrowers filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, *In re Ainsworth*, 1:12-bk-12714, and in doing so surrendered the property. Borrowers initially filed a statement of intent to keep the Property in their bankruptcy, but subsequently Wells Fargo as Trustee filed a motion for relief from the automatic stay to foreclose under the statutory power sale. *In re: Ainsworth*, Doc. No. 16. Borrowers did not object to Wells Fargo as Trustee's motion for relief from stay and subsequently obtained a Chapter 7 discharge of debts. Indeed, a review of the Borrower's bankruptcy petition demonstrates that the only path toward receiving a Chapter 7 discharge of debts was for Borrowers to surrender all right and title to the Property. With relief from stay granted to Wells Fargo as Trustee in order to foreclose, the Borrowers were given a financial fresh start. The course of Borrowers' bankruptcy demonstrates without question their intent to surrender the Property to Wells Fargo as Trustee. Having surrendered the Property through bankruptcy, the Borrowers cannot now challenge Wells Fargo as Trustee's foreclosure, and the Court should dismiss and deny this complaint.

    D.    <u>Wells Fargo as Trustee is Entitled to Judgment Invalidating Borrowers' Transfer of the Property to Wolfrock</u>.

Wells Fargo as Trustee, in requesting dismissal, also demands judgment invalidating the Borrowers' deed of the Property to Wolfrock in accordance through this quiet title action. Borrowers seek to quiet title under Rhode Island law to not only invalidate Wells Fargo as Trustee's foreclosure, but also to validate their post-foreclosure transfer of title to Wolfrock. In accordance with the quiet title statute, this Court "shall determine the validity of title to the

15

plaintiffs, and may affirm title, or if it finds other parties to have any title and estate therein, it shall also determine the interest, title, and estate of those parties therein, and may remove any clouds on title by reason of any deed, grant or conveyance…." R.I. Gen. Laws § 34-16-3 (1956). The quiet title statute permits this Court to determine the validity of any party's title including removing a cloud on title. Here, Wells Fargo as Trustee's successful defense to this action, namely that Borrowers present no viable challenge to foreclosure, sustains Wells Fargo's title to the Property and divests any title interest Borrowers might have in the Property. As a result, and to the extent this Court issues a decision in favor of Wells Fargo as Trustee dismissing this action, Wells Fargo requests an order quieting title in its favor through invalidation of the Borrowers deed to Wolfrock.

## V. CONCLUSION

For the reasons stated above, Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2005-5, Asset-Backed Certificates, Series 2005-5 respectfully requests dismissal of this action and an order quieting title in favor of Wells Fargo.

Respectfully submitted,

WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2005-5, ASSET-BACKED CERTIFICATES, SERIES 2005-5

By: Its Attorneys

/s/ *Samuel C. Bodurtha*
Maura K. McKelvey, Bar No. 6770
Samuel C. Bodurtha, Bar No. 7075
Matthew R. Shechtman, Bar No. 8397
HINSHAW & CULBERTSON LLP
28 State Street
24th Floor
Boston, MA 02109
617-213-7000
617-213-7001 (facsimile)

Dated: April 22, 2016

**CERTIFICATE OF SERVICE**

  I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 22, 2016.

Keven McKenna
252 Wolfrock Realty Redemption Company
23 Acorn Street
Providence, RI 02903

John Ainsworth
1608 Kingston Road
Wakefield, RI 02879

Lauren Daley-Ainsworth
57 Sweet Fern Lane, Apt. D
South Kingstown, RI 02879

              */s/ Samuel C. Bodurtha*
               Samuel C. Bodurtha