# EXHIBIT E

INST: 00001137

**KORDE & ASSOCIATES, P.C.**  Addendum A
Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts  01824-4100
Attorneys Licensed in MA, NH, NY and RI

Certified Article Number
9414 7266 9904 2049 5391 57
SENDERS RECORD

August 14, 2015

Lauren Daley-Ainsworth                          VIA FIRST CLASS MAIL &
P.O. Box 5286                                    CERTIFIED MAIL RETURN RECEIPT
Wakefield, RI 02880                              REQUESTED NO.

Please reference our File #: 14-016915/ Ainsworth

RE:  Option One Mortgage Corporation dated August 23, 2005 and as recorded on August 31, 2005 at
     10:46 AM in  Book 274 at Page 40 in the Records of Land Evidence in the Town of Exeter, RI
     Property Address: 252 Wolfrock Road, Exeter, RI 02822

Dear Sir/Madam:

     Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 252 Wolfrock Road, Exeter, RI 02822. The property will be sold at a
public auction on October 8, 2015 at 9:00AM on the premises of said 252 Wolfrock Road, Exeter, RI
02822.

     A copy of the Notice of Sale, which is to be published in the Providence Journal on September
16, 2015, September 23, 2015 and September 30, 2015 concerning this foreclosure is attached hereto.

     THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

     In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

     If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

Telephone (978) 256-1500      Telefax (978) 256-7615
Website: www.kordeassoc.com

14-016915 / FC01



# KORDE & ASSOCIATES, P.C.

Counselors at Law

321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

INST: 00001137
BK: 480 PG: 298

## NOTICE TO SERVICEMEMBERS

_A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney._

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-

    (1) The following definitions shall apply to this subsection and to subsection (c):

        (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.

        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means and includes service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

    (2) This subsection applies only to an obligation on real and related personal property owned by a servicemember that:

        (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and

        (ii) Is secured by a mortgage or other security in the nature of a mortgage.

    (3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

    (4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

Telephone (978) 256-1500     Telefax (978) 256-7615
Website: www.kordeassoc.com

14-016915 / FC01



INST: 00001137

BK 800 PG 299

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own
motion, the court may:

    (i) Stay the proceedings for a period of time as justice and equity require; or
    (ii) Adjust the obligation as permitted by federal law to preserve the interests of all
    parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of
a servicemember who is entitled to the benefits under subsection (d) and who provided the
mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made
during, or within nine (9) months after, the period of the servicemember's military service
except:

    (i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a
    petition filed by the mortgagee against such servicemember; or
    (ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or
seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand
dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights
provided hereunder are in addition to and do not preclude any remedy for wrongful conversion
otherwise available under law to the person claiming relief under this section, including
consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in
which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any
hearings on such petition shall be conducted on an expedited basis following such notice and/or
discovery as the court deems proper.

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI



INST: 00001137

Certified Article Number

9414 7266 9904 2049 5391 71

SENDERS RECORD

August 14, 2015

John Ainsworth
P.O. Box 5286
Wakefield, RI 02880

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-016915/ Ainsworth

RE:   Option One Mortgage Corporation dated August 23, 2005 and as recorded on August 31, 2005 at
10:46 AM in Book 274 at Page 40 in the Records of Land Evidence in the Town of Exeter, RI
Property Address: 252 Wolfrock Road, Exeter, RI 02822

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 252 Wolfrock Road, Exeter, RI 02822. The property will be sold at a
public auction on October 8, 2015 at 9:00AM on the premises of said 252 Wolfrock Road, Exeter, RI
02822.

A copy of the Notice of Sale, which is to be published in the Providence Journal on September
16, 2015, September 23, 2015 and September 30, 2015 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke



Telephone (978) 256-1500   Telefax (978) 256-1615
Website: www.kordeassoc.com

14-016915 / FC01

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

INST: 00001137
BK: 480 PG: 301

## NOTICE TO SERVICEMEMBERS

A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-
  (1) The following definitions shall apply to this subsection and to subsection (c):
    (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.
    (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means and includes service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

  (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
    (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and
    (ii) Is secured by a mortgage or other security in the nature of a mortgage.

  (3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

  (4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

Telephone (978) 256-1500   Telefax (978) 256-7615
Website: www.kordeassoc.com

14-016915 / FC01



INST: 00001137
BK: 480 PG: 302

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

(i) Stay the proceedings for a period of time as justice and equity require; or

(ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

(i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

(ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

## KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

POST: 00001137
BK: 480 PG: 303

Certified Article Number
9414 7266 9904 2049 5391 88
SENDERS RECORD

August 14, 2015

John Ainsworth
183 High Street
Wakefield, RI 02879

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-016915/ Ainsworth

RE:   Option One Mortgage Corporation dated August 23, 2005 and as recorded on August 31, 2005 at
       10:46 AM in  Book 274 at Page 40 in the Records of Land Evidence in the Town of Exeter, RI
       Property Address: 252 Wolfrock Road, Exeter, RI 02822

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 252 Wolfrock Road, Exeter, RI 02822. The property will be sold at a
public auction on October 8, 2015 at 9:00AM on the premises of said 252 Wolfrock Road, Exeter, RI
02822.

A copy of the Notice of Sale, which is to be published in the Providence Journal on September
16, 2015, September 23, 2015 and September 30, 2015 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

Telephone (978) 256-1500     Telefax (978) 256-7815
Website: www.kordeassoc.com

14-016915 / FC01



## KORDE & ASSOCIATES, P.C.
INST: 00001137
BK: 480 PG: 304

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts  01824-4100
Attorneys Licensed in MA, NH, NY and RI

### NOTICE TO SERVICEMEMBERS

A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-
   (1) The following definitions shall apply to this subsection and to subsection (e):
      (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.
      (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means and includes service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

   (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
      (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and
      (ii) Is secured by a mortgage or other security in the nature of a mortgage.

   (3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (e) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

   (4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

Telephone (978) 256-1500     Telefax (978) 256-7615
Website: www.kordeassoc.com

14-016915 / FC01



INST:   00001137
BK:   480 PG:   305

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

(i) Stay the proceedings for a period of time as justice and equity require; or
(ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

(i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or
(ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.



**KORDE & ASSOCIATES, P.C.**

CST: 00001137

BK: 480 PG: 306

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

Certified Article Number

9414 7266 9904 2049 5406 96

SENDERS RECORD

August 14, 2015

Lauren Daley-Ainsworth
252 Wolfrock Road
Exeter, RI 02822

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-016915/ Ainsworth

RE:   Option One Mortgage Corporation dated August 23, 2005 and as recorded on August 31, 2005 at
      10:46 AM in Book 274 at Page 40 in the Records of Land Evidence in the Town of Exeter, RI
      Property Address: 252 Wolfrock Road, Exeter, RI 02822

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 252 Wolfrock Road, Exeter, RI 02822. The property will be sold at a
public auction on October 8, 2015 at 9:00AM on the premises of said 252 Wolfrock Road, Exeter, RI
02822.

A copy of the Notice of Sale, which is to be published in the Providence Journal on September
16, 2015, September 23, 2015 and September 30, 2015 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,



Shana L. Costa

SLC/ke

Telephone (978) 256-1500    Telefax (978) 256-7615
Website: www.kordeassoc.com

14-016915 / FC01

## KORDE & ASSOCIATES, P.C.
Counselors at Law          INST:   00001137
321 Billerica Road, Suite 210                 BK:   480 PG:   307
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

### NOTICE TO SERVICEMEMBERS

A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-
    (1) The following definitions shall apply to this subsection and to subsection (c):
        (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.
        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means and includes service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

    (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
        (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and
        (ii) Is secured by a mortgage or other security in the nature of a mortgage.

    (3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

    (4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

Telephone (978) 256-1500     Telefax (978) 256-7013
Website: www.kordeassoc.com

14-016913 / FC01



INST:   00001137
BK:   480  PG:   308

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

> (i) Stay the proceedings for a period of time as justice and equity require; or
>
> (ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

> (i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or
>
> (ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

INST:   00001137
BK: ~~~~~~~~~~~~ 209
**Certified Article Number**
9414 7266 9904 2049 5390 89
**SENDERS RECORD**

August 14, 2015

John Ainsworth
252 Wolfrock Road
Exeter, RI 02822

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #:  14-016915/ Ainsworth

RE:   Option One Mortgage Corporation dated August 23, 2005 and as recorded on August 31, 2005 at
10:46 AM in  Book 274 at Page 40 in the Records of Land Evidence in the Town of Exeter, RI
Property Address: 252 Wolfrock Road, Exeter, RI 02822

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 252 Wolfrock Road, Exeter, RI 02822. The property will be sold at a
public auction on October 8, 2015 at 9:00AM on the premises of said 252 Wolfrock Road, Exeter, RI
02822.

A copy of the Notice of Sale, which is to be published in the Providence Journal on September
16, 2015, September 23, 2015 and September 30, 2015 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

Telephone (978) 256-1500     Telefax (978) 256-7615
Website: www.korde.com

14-016915 / FC01



# KORDE & ASSOCIATES, P.C.

Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

INST:   00001137
BK:   480 PG:   310

## NOTICE TO SERVICEMEMBERS

A servicemember on active duty or deployment or who has recently ceased such duty or
deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general
laws set out below. To protect your rights if you are such a servicemember, you should
give written notice to the servicer of the obligation or the attorney conducting the
foreclosure, prior to the sale, that you are a servicemember on active duty or deployment
or who has recently ceased such duty or deployment. This notice may be given on your
behalf by your authorized representative. If you have any questions about this notice, you
should consult with an attorney.

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-
    (1) The following definitions shall apply to this subsection and to subsection (c):
        (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or
        Coast Guard and members of the National Guard or Reserves called to active duty.
        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections
        12301 through 12304. In the case of a member of the National Guard, or Reserves "active
        duty" means and includes service under a call to active service authorized by the
        President or the Secretary of Defense for a period of time of more than thirty (30)
        consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a
        national emergency declared by the President and supported by federal funds.

    (2) This subsection applies only to an obligation on real and related personal property owned by
    a service member that:
        (i) Originated before the period of the servicemember's military service or in the case of
        a member of the National Guard or Reserves originated before being called into active
        duty and for which the servicemember is still obligated; and
        (ii) Is secured by a mortgage or other security in the nature of a mortgage.

    (3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor
    or mortgagor's authorized representative that the mortgagor is participating in active duty or
    deployment or that the notice as provided in subsection (c) was received within nine (9) months
    of completion of active duty or deployment, the mortgagee shall be barred from proceeding with
    the execution of sale of the property as defined in the notice until such nine (9) month period has
    lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5)
    below.

    (4) Stay of proceedings and adjustment of obligation. -- In the event a mortgagee proceeds with
    foreclosure of the property during, or within nine (9) months after a servicemember's period of
    active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3)
    above, the servicemember or his or her authorized representative may file a petition against the

Telephone (978) 256-1500    Telefax (978) 256-7615
Website: www.kordeassoc.com

14-016915 / FC01



INST: 00001137
BK: 480 PG: 311

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

    (i) Stay the proceedings for a period of time as justice and equity require; or

    (ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

    (i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

    (ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.



# KORDE & ASSOCIATES, P.C.
### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

INST: 00001137
BK: 480 PG: 312

Certified Article Number
9414 7266 9904 2049 5391 64
SENDERS RECORD

August 14, 2015

John Ainsworth
1116 Stony Fort Road
West Kingston, RI 02892

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-016915/ Ainsworth

RE:   Option One Mortgage Corporation dated August 23, 2005 and as recorded on August 31, 2005 at
      10:46 AM in  Book 274 at Page 40 in the Records of Land Evidence in the Town of Exeter, RI
      Property Address: 252 Wolfrock Road, Exeter, RI 02822

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 252 Wolfrock Road, Exeter, RI 02822. The property will be sold at a
public auction on October 8, 2015 at 9:00AM on the premises of said 252 Wolfrock Road, Exeter, RI
02822.

A copy of the Notice of Sale, which is to be published in the Providence Journal on September
16, 2015, September 23, 2015 and September 30, 2015 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

Telephone (978) 256-1500     Telefax (978) 256-7015
Website: www.kordeassoc.com

14-016915 / FC01

# KORDE & ASSOCIATES, P.C.

### Counselors at Law
321 Billerica Road, Suite 210
Chelmsford, Massachusetts 01824-4100
Attorneys Licensed in MA, NH, NY and RI

INST:   00001137
BK:   480 PG:   313

## NOTICE TO SERVICEMEMBERS

A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.

Excerpt from Rhode Island General Laws Section 34-27-4:

(d) Foreclosure sales affecting servicemembers.-
    (1) The following definitions shall apply to this subsection and to subsection (c):
        (i) "Servicemember" means a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard and members of the National Guard or Reserves called to active duty.
        (ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the National Guard, or Reserves "active duty" means and includes service under a call to active service authorized by the President or the Secretary of Defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the President and supported by federal funds.

    (2) This subsection applies only to an obligation on real and related personal property owned by a service member that:
        (i) Originated before the period of the servicemember's military service or in the case of a member of the National Guard or Reserves originated before being called into active duty and for which the servicemember is still obligated; and
        (ii) Is secured by a mortgage or other security in the nature of a mortgage.

    (3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

    (4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the

INST: 00001137
BK: 480 PG: 314

mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

(i) Stay the proceedings for a period of time as justice and equity require; or

(ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

(i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

(ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearings on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.