Case 1:16-cv-00126-M-LDA   Document 14   Filed 07/11/16   Page 1 of 4 PageID #: 213

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| 252 WOLFROCK ROAD REALTY REDEMPTION COMPANY; JOHN AINSWORTH AND LAUREN DALEY-AINSWORTH A/K/A LAUREN DALEY, Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2005-5, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C. A. No. 16-126M |

ORDER

Plaintiffs 252 Wolfrock Road Realty Redemption Company,[1] John Ainsworth, and Lauren Daley-Ainsworth ("Plaintiffs") filed a complaint against Defendant Wells Fargo Bank N.A. as trustee for Option One Mortgage Loan Trust 2005-5 ("Wells Fargo"), alleging that Wells Fargo illegally foreclosed on their property because it failed to provide Plaintiffs with a notice of sale prior to acceleration of the loan. Wells Fargo moved to dismiss Plaintiffs' complaint, arguing that Rhode Island law does not require the lender itself to issue the notice of sale prior to acceleration.[2] ECF No. 7. Because Plaintiffs did receive this notice from counsel for Ocwen Loan Servicing, LLC, the mortgage servicer, Wells Fargo argues that

---

[1] Wolfrock comes into play because the two individual Plaintiffs created this entity post-foreclosure in order to transfer their title in the property to Wolfrock.

[2] Defendants also argue that Wolfrock lacks standing to pursue these claims because it did not exist until after the foreclosure that forms the basis of the complaint. The Court need not reach this argument in light of its dismissal of Plaintiffs' complaint.

Plaintiffs received proper notice under the terms of the mortgage contract and the foreclosure sale was valid.

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts as true the factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *See Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008) (citation omitted); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (citations omitted). To withstand a motion to dismiss, "a complaint must allege 'a plausible entitlement to relief.'" *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 58 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citations omitted). Consequently, although the complaint does not need "detailed factual allegations", it does need to have sufficient facts to state a belief that is plausible. *See Twombly*, 550 U.S. at 555. These "minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real – and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988).

Plaintiffs allege that Wells Fargo was required under the notice provisions in ¶ 21 of the mortgage contract to give them notice of sale prior to acceleration. ECF No. 1-2 at ¶¶ 23-23. In their opposition to Wells Fargo's motion, Plaintiffs rely on the Massachusetts District Court case of *Paiva v. Bank of New York Mellon*, 120 F. Supp. 3d 7, 10 (D. Mass. 2015), which held that the lender, not the servicer, was

required to fulfill the terms of ¶ 21. Urging this Court to agree with the court in *Paiva*, Plaintiffs argue that the notice from counsel for Ocwen, the servicer, was not proper and therefore, the foreclosure sale is void.

Plaintiffs' reliance on Massachusetts law is misplaced. Rhode Island's power of sale statute allows the mortgagee to issue the notice of sale to mortgagors in order to initiate foreclosure. R.I. Gen. Laws § 34-11-22. Moreover, the Rhode Island Supreme Court in *Ingram v. Mortg. Elec. Regis. Sys., Inc.*, 94 A.3d 523, 529 (R.I. 2014) affirmed the validity of a foreclosure where the mortgagee's servicer, acting under power of attorney, properly mailed the notice of sale to the borrowers and properly advertised the foreclosure. *See also Breggia v. Mortg. Elec. Registration Sys., Inc.*, 102 A.3d 636, 641 (R.I. 2014). The servicer, as a lender's agent, acquired all the rights that the lender possessed, including the right to exercise the power of sale. Therefore, under Rhode Island law, an agent of a lender may initiate and complete foreclosure.

In this case, Plaintiffs allege that Wells Fargo is the lender, Ocwen became the servicer of the mortgage, and Ocwen's counsel sent the notice of sale and published the notice in the newspaper. ECF No. 1-2 at ¶¶ 11-13. Because Ocwen, as an agent of the lender, notified Plaintiffs of the foreclosure, the notice was in accordance with ¶ 21 of their mortgage and in line with Rhode Island Supreme Court precedent. Therefore, this Court finds that the foreclosure was properly noticed and Plaintiffs' claims must be dismissed. Defendant's Motion to Dismiss (ECF No. 7) is GRANTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

July 11, 2016